**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5563-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAIME GONZALEZ, a/k/a
WILFREDO LUGO,

     Defendant-Appellant.

_____

Submitted December 5, 2018 - Decided January 8, 2019

Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 10-02-0311.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel; Carolyn V. Bostic, on the brief).

Joseph D. Coronato, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Roberta DiBiase, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Jaime Gonzalez appeals from the denial of his petition for post-conviction relief (PCR), contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. Because the trial judge correctly determined the evidence insufficient to sustain defendant's burden, we affirm.

Suspecting defendant of drug trafficking, police obtained a no-knock search warrant for his home in 2009. When police executed the warrant by breaking down defendant's fortified front door in the middle of the night, he engaged in a gun battle with police in which he and two officers were wounded. In a subsequent search, police recovered significant quantities of marijuana and cocaine as well as other drugs, five cell phones, $12,582 in cash, ammunition and the .357 handgun defendant used to shoot at the officers.

Defendant testified in his own defense at trial. He claimed his home had been broken into four times, most recently two weeks before police executed their search warrant. One of those robberies, in 2002, resulted in defendant being badly beaten and his girlfriend and infant daughter tied up and threatened with a gun. That incident frightened him and caused him to move his family out of that apartment. According to defendant, just two weeks before this incident,

A-5563-16T1

armed robbers again broke into his home and menaced him, only leaving when his mother, who was visiting from Florida, screamed and threatened to call the police. Defendant claimed he went to Newark the next day and bought a gun to protect himself.

On the night police entered his house on the warrant, defendant claimed he was watching TV in an upstairs bedroom with a friend when he heard loud thumps and a commotion downstairs. Assuming he was again being robbed, defendant retrieved his newly acquired gun and fired a warning shot across the hallway. Defendant claimed he never heard anyone call out "police" or order him to drop his gun. Defendant's friend testified for the State. He claimed that upon hearing the noises downstairs, defendant said "he was getting robbed."

Rejecting defendant's claims of self-defense, the jury convicted defendant of five counts of attempted murder; ten counts of aggravated assault; fortification of the premises; possession of a firearm while engaged in drug activity; possession of a firearm for an unlawful purpose; receipt of a stolen handgun; two counts of possession with intent to distribute CDS; four counts of possession of CDS and possession of a prohibited weapon. The judge sentenced him to an aggregate forty-five years in State prison with a parole ineligibility term of twenty-nine and one-half years.

We affirmed defendant's conviction, remanding for reconsideration one aspect of the sentence, State v. Gonzalez, No. A-5195-12 (App. Div. Aug. 27, 2015) (slip op. at 1-5). The Supreme Court denied defendant's petition for certification, State v. Gonzalez, 224 N.J. 246 (2016).

Defendant filed a timely petition for PCR claiming his trial counsel was ineffective for, among other things, failing to adequately present the defense of self-defense. After hearing argument by assigned counsel, the judge issued a written opinion denying the petition on the basis that defendant had failed to establish a prima facie claim for relief. See State v. Preciose, 129 N.J. 451, 462-64 (1992). The judge found the trial record amply demonstrated counsel's presentation of defendant's claim of self-defense to the jury. The judge found counsel presented the impact the prior robberies had on defendant through defendant's own testimony. The judge further found defendant failed to demonstrate he was prejudiced by counsel's efforts on his behalf at trial and thus could not meet either prong of the Strickland[1] test.

Defendant appeals, reprising the arguments he made to the trial court and claiming the trial court erred in denying relief without an evidentiary hearing. We disagree.

---

[1] Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

To succeed on a claim of ineffective assistance, defendant must establish, first, that "counsel's representation fell below an objective standard of reasonableness" and, second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687-88, 694. A defendant must do more than demonstrate that an alleged error might have "had some conceivable effect on the outcome of the trial," State v. Sheika, 337 N.J. Super. 228, 242 (App. Div. 2001); instead, he must prove the error is so serious as to undermine the court's confidence that the "defendant's trial was fair, and that the jury properly convicted him," State v. Pierre, 223 N.J. 560, 583, 588 (2015).

Measured by that standard, we agree with the trial judge that defendant has not established he received ineffective assistance from his trial counsel. Defendant's chief argument on appeal is that his counsel could have buttressed his testimony at trial and strengthened his claim of self-defense by calling his mother and ex-girlfriend to testify about the prior robberies and introduced the police report and medical records from the 2002 home invasion. Defendant, however, did not produce certifications in the trial court detailing the testimony his mother and ex-girlfriend would have given at trial, nor did he proffer the police report or medical records to demonstrate how they would have bolstered

5

his defense. Accordingly, defendant's claims are no more than bald assertions insufficient to establish a prima facie case of ineffective assistance of counsel entitling defendant to an evidentiary hearing. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999); see also State v. Jones, 219 N.J. 298, 311-12 (2014). Defendant's arguments to the contrary are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5563-16T1